UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YOK

_____

EILEEN OLIVER,

                Plaintiff,

 v.                                                                          Civil Action No._____

ROBERT JAMES & ASSOCIATES, INC.,
ROBERT JAMES & ASSOCIATES ASSET
MANAGEMENT, INC.

                Defendants.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter referred to as "FDCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper is this District under 28 U.S.C. § 1391(b) in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

4. Eileen Oliver, Plaintiff, is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C § 1692a(3)

5. Defendant Robert James & Associates, Inc. is a New York State domestic business corporation, and is a debt collector as defined by 15 U.S.C. § 1692A(6).  The New York State Department of State indicates a registered address for Robert James & Associates, Inc. as 475 Ellicott Street, Apt. 401, Buffalo, NY 14203.

6. Defendant Robert James & Associates Asset Management, Inc. is a New York State domestic business corporation, and is a debt collector as defined by 15 U.S.C. § 1692A(6).  The New York State Department of State indicates a registered address for Robert James & Associates Asset Management, Inc. as 266 Elmwood Avenue, Suite 369, Buffalo, NY 14222.

7. The entities referred to in paragraphs five and six will be hereinafter referred to as "Defendants"

8. Defendants regularly attempt to collect debt alleged to be due to another.

9. The acts of the Defendants alleged in this Complaint were performed by its employees acting within the scope of the actual or apparent authority.

10. All references to "Defendants" shall mean the Defendants or an employee of the Defendants.

### IV. FACTUAL ALLEGATIONS

11. The Plaintiff, Eileen Oliver, has no recollection of the purported debt that is the subject of the instant action.

12. The Defendants failed to provide the Plaintiff a single piece of written correspondence, including any sort of validation notice that set forth the amount of the debt and the name of the creditor to whom the debt is owed.

13. The Defendants merely indicated initially, over the telephone, that the debt is owed to "BMG."  The Defendant subsequently said the debt was owed to "Holiday Group LLC."

14. The Plaintiff disputes the existence of the purported debt.  This debt will be referred to as "the purported debt."

15. Upon information and belief, the Defendants were employed to collect on the purported debt or are post-default debt buyers, and are bound by the FDCPA

16. That on or about May 8, the Defendants began calling the Plaintiff.  Upon receiving the initial calls, the Plaintiff inquired as to whom the debt was owed to.  The Defendants initially failed to disclose to whom the debt was owed to.  The Defendants claimed that they currently did not have that information.  The Plaintiff then informed the Defendants that she worked from 9:30 a.m. until 6:00 p.m., and that calls during that time were inconvenient and that she was not permitted to take telephone calls during while she was working.  She also inquired as to why she never received any written communication.

17. That on or about May 10, 2011, the Defendants called the Plaintiff during work hours.  Specifically, "Jamar Moody" called and left the following message on the voicemail of the Plaintiff's cellular telephone:

> …this is Jamar Moody calling from Robert James & Associates.  I got the information on the payday loan that you were looking for.  It is actually on a BMG payday loan.  Give me a call back at 716-693-7101.  I can help you settle

this account up for a lot less than its worth. My client will take legal actions against you and they will issue a summons out 5 p.m. tomorrow evening. Give me a call back as soon as possible."

18. That on or about May 11th, 2011, the Defendants called the Plaintiff on her cellular telephone during work hours, whereby Defendants' employee, "Jamar Moody," left the following message:

Eileen Oliver, Jamar Moody calling from Robert James & Associates. You told me to give you a call back this morning. We need to get you something situated as soon as possible. My client is issuing a summons today at 12 p.m. for your first court appearance. Um…I'll be able to take care of this. I will take the money out of this account. Just give me a call back so we can work this out. If not, you will have your first court appearance May…May the 12th, 10 a.m. Thank you.

19. That on or about May 12th, 2011, the Defendants called the Plaintiff on her cellular telephone during work hours, whereby Defendants' employee, "Jamar Moody," left the following message:

Eileen, I know you're on the phone talking right now. Um, I just want to say that cause you haven't gotten back to me, it looks like you're not gonna get back to me. We will see you in Erie County Court, May 13th, 2011, 10 a.m. Thank you.

20. That on or about May 17th, 2011, the Defendants called the Plaintiff on her cellular telephone during work hours, and left the following message:

This message is for Eileen Oliver. Eileen, this is "Mr. Walters" calling you from Robert James & Associates in regards to your out of court settlement. Uh, you

    had been speaking with my employee, Mr. Moody.  Unfortunately, you have been nonresponsive to his calls and at this point, if I do not hear back from you by the end of the day, this will be documented as a direct refusal to pay.  You need to contact me immediately at 716-242-7580.  Thank you.

21. That on or about May 19th, 2011, the Defendants called the Plaintiff on her cellular telephone during while she was at work, and a "Mr. Jackson" again harassed the Plaintiff, and continued to pressure her into paying on the purported debt.

22. That on or about May 23rd, 2011, the Defendant called the Plaintiff on her cellular telephone while she was at work, and a "Mr. Jackson" asked the Plaintiff is she had received the letter he sent her.  The Plaintiff indicated that she had not, and "Mr. Jackson" immediately terminated the call without saying anything further.

23. That on or about June 10, 2011, the Defendant called the Plaintiff on her cellular telephone while she was at work, and a "Tom Waterhouse" identified himself as a legal advisor in the pre-legal department of Robert James & Associates, and claimed that he was an arbitrator.  He further claimed that the loan documents for the purported debt contained an arbitration clause, and that he was the arbitrator.  He said the original indebtedness was for approximately $742, and that he was offering to settle the matter for $331.  The Defendant advised that a decision on the settlement offer was required "in the next ten minutes."  Defendant also indicated that if not paid immediately, the debt would be transferred "out of the office."  The Plaintiff inquired as to where the debt would go, and the Defendant said he did not know.  Plaintiff requested to speak with a supervisor, and Defendant informed her that it would be two days before a supervisor would be in contact with her.  Plaintiff again informed Defendant that she had not received any of the

required written communications to date. Plaintiff inquired as to the mailing address of the Defendant, and Defendant indicated that the mailing address was 266 Elmwood Avenue, Suite 369, Buffalo, New York 14222. Plaintiff never received communication from the supervisor.

### V.  CAUSE OF ACTION

24. Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs 1 through 23 above.

25. The conduct of Defendants as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

   A. Defendants violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. 1692c(a)(3) by repeatedly contacting Plaintiff on her cellular telephone during hours known to be inconvenient to Plaintiff, and repeatedly calling Plaintiff on her cellular telephone while she was at work.

   B. Defendants violated 15 U.S.C. § 1692e(11) by failing to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

   C. Defendants violated 15 U.S.C. § 1692g(a) by failing to send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt was owed, a statement advising of 30 days to dispute the debt, a statement advising that, if disputed, the debtor would obtain verification of the debt, a statement advising

that, upon written request, the debt collector will provide the name and address of the original creditor.

D. Defendants violated 15 U.S.C. § 1692e(2) by falsely representing the legal status of the purported debt.

E. Defendants violated 15 U.S.C. § 1692e(3) by falsely implying that the individual is from an attorney's office.

F. Defendants violated 15 U.S.C. § 1692e(4) by representing and implying that nonpayment will result is arrest or imprisonment or seizure, garnishment, attachment, or sale of property.

G. Defendants violated 15 U.S.C. § 1692e(5) by threatening legal action that was not intended.

H. Defendants violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to attempt to collect a debt.

I. Defendants violated 15 U.S.C § 1692f by using unfair and unconscionable means to collect.

26. That as a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Cost, disbursements, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMANDED

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  June 20, 2011

s/ Brad J. Davidzik
Brad J. Davidzik, Esq.
Attorney for Plaintiff
Jeffrey Freedman Attorneys at Law
424 Main Street, Suite 622
Buffalo, New York 14202
(716) 856-7091
Email: bdavidzik@jeffreyfreedman.com